**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PALWINDER KAUR, | No. 07-71108 |
| Petitioner, | Agency No. A073-419-767 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010[**]

Before:     BEEZER, TROTT, and BYBEE, Circuit Judges.

Palwinder Kaur, a native and citizen of India, petitions for review of a Board

of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's decision denying her application for relief under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JLA/Research

Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review factual findings for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo claims of due process violations, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003).  We deny the petition for review.

On July 26, 2006, the court issued a memorandum disposition that concluded substantial evidence supported the agency's adverse credibility finding, and, thus, that Kaur's asylum and withholding of removal claims failed.  *See Kaur v. Gonzales*, 2006 WL 2073772 (9th Cir. July 26, 2006).  The court remanded Kaur's CAT claim because the BIA did not address it.  On remand, the BIA denied Kaur's CAT claim and Kaur petitions for review of that decision.

Even if Kaur properly raised her CAT claim to the BIA, substantial evidence supports the BIA's denial of the claim because it is based on the same testimony found to be not credible and Kaur points to no evidence to show a clear probability of torture if she is returned to India.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003).

We reject Kaur's contention that the BIA violated her due process rights by not remanding her CAT claim to the immigration judge because Kaur did not file a motion for remand, or otherwise indicate the need for further fact-finding, but

instead rested her argument solely on her testimony. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process claim petitioner must show error and prejudice); 8 C.F.R. § 1003.1(d)(3)(iv) ("A party asserting that the Board cannot properly resolve an appeal without further factfinding must file a motion for remand.").

**PETITION FOR REVIEW DENIED.**